IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CR-49-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KALIAH SHABAZZ WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Greenville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 9 July 2013 with possession of a firearm by a convicted felon on 1 August 2012 in violation of 18 U.S.C. §§ 922(g) and 924. The evidence presented at the hearing showed that the charges arise from an incident in which defendant was apparently firing a handgun on the alleged offense date. Defendant travelled from the scene as the front-seat passenger in a red Land Rover. The person at whom defendant was

shooting reported the identity of the vehicle to police, who subsequently stopped it. In a consent search of the vehicle, they located a .22 caliber revolver on the front floor boards on the passenger side. The revolver had five spent shells and one live round. Defendant admitted that the gun was his. Approximately six weeks earlier, on 14 June 2012, defendant had completed an almost five-year term of state imprisonment for discharge of a weapon into an occupied dwelling or moving vehicle and was on parole for that offense.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's apparent use of the firearm in a shooting and his commission of the alleged offense shortly after completing an extended term of incarceration for similar offense conduct and while on parole for that offense; defendant's criminal record, including the one felony conviction noted, seven misdemeanor convictions (three for assault), and revocation of his probation or parole each of the three times he was placed on it; the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home for full-time work, defendant's lack of respect for the authority of the proposed custodian, his mother, as well as his father (as illustrated by defendant's commission of all his offenses while living in his parents' home), the location of the proposed custodial home in the same community in which defendant has committed almost all his offense conduct, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Particularly telling defendant's alleged commission of the instant offense so soon after release from an extended prison term for a similar offense and while subject to parole. This evidence substantiates that neither supervision nor the risk of incarceration is likely to deter defendant from similar offense conduct if released pretrial in this case.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of July 2013.

_____
James E. Gates
United States Magistrate Judge